Jerry J. Jarzombek
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEDEDIAH STINSON, | § § § | Civil Action No. |
| Plaintiff, | § § | |
| vs. | § § § | **COMPLAINT** **and** **DEMAND FOR JURY TRIAL** |
| PERSOLVE LEGAL GROUP, LLP, | § § | |
| Defendant. | § § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.  Plaintiff, Jedediah Stinson ("Stinson") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA"),  to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2.  Defendant, Persolve Legal Group, LLP ("Persolve") filed suit against Plaintiff in a Tarrant County Justice Court, attempting to collect a consumer debt allegedly arising from a purported obligation to Persolve.  The obligation ("Debt") required Plaintiff to pay money arising

out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an account with Compass Bank, which would have been used by the Plaintiff for non-business purposes.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Persolve is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Persolve's business is the collection of consumer debts using the mails and telephone. Persolve regularly purchases debt, already in default, and then attempts to collect consumer those purchased debts. Persolve is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Persolve is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

### Factual Allegations

7. On or about October 26, 2019, Plaintiff was served with a lawsuit filed by Persolve, seeking to collect a debt allegedly owed by Plaintiff to Compass Bank. The suit was filed in the

Justice Court, Precinct 3 of Tarrant County, Texas under Cause No. JP03-19-DC00009769, styled *Persolve Legal Group, LLP v. Jedediah Stinson* (the "State Court Case").

8. As to the parties and the Debt, the Justice Court, Precinct 3 of Tarrant County, Texas is not the Plaintiff's 15 U.S.C. § 1692i "district." The Plaintiff was not a resident of Precinct 3 of Tarrant County, Texas at the time the State Court Case was filed. Moreover, the Plaintiff signed no contract with Compass Bank in Precinct 3 of Tarrant County, Texas.

9. The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2d Cir. 2011). Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county. *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

10. On January 23, 2018, the United State District Court for the Western District of Texas opined that it was persuaded by the analysis and reasoning in adapted the reasoning in *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 643 (7th Cir. 2014) (en banc), *cert denied,* 757 F.3d 636 (2014), that "the relevant judicial district or similar legal entity is the smallest geographic area relevant to venue in the court system in which the case is filed." *See McKay v. Scott & Associates, P.C. and Midland Funding, LLC,* A-17-CV-00383-SS, (WDTX, Jan. 23, 2018).

11. The foregoing acts and omissions were undertaken on behalf of the Defendant by their respective officers, agents or employees, acting at all times relevant hereto within the scope of that relationship.

12. The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

13. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

## First Claim for Relief

14. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in violation of Tex. R. Civ. P. 502.4(b) and Tex. Civ. Prac. & Rem. Code § 15.092(c).

   b. In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard", the Defendant used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.

   c. In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken.

   d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in violation of Tex. R. Civ. P. 502.4(b) and Tex. Civ. Prac. & Rem. Code § 15.092(c).

   e. In violation of 15 U.S.C. § 1692i, the Defendant filed the State Court Case in Precinct 1 of Williamson County, Texas which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

15. Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

16. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a. In violation of TEX. FIN. CODE § 392.101, Persolve failed to obtain and file the bond as required prior to commencing collection activity in Texas.

   b. In violation of TEX. FIN. CODE § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

   c. In violation of TEX. FIN. CODE § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

17. Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403.

4. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050

6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF


## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

*/s/ Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050

6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF